Toby J. Marshall, WSBA #32726
Elizabeth A. Adams, WSBA #49175
Attorneys for Plaintiffs
TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 319-5450
Email:  tmarshall@terrellmarshall.com
Email:  eadams@terrellmarshall.com

[Additional Counsel Appear on Signature Page]

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WASHINGTON

JANET STONE, on her own behalf and on the behalf of all others similarly situated,

    Plaintiff,

    v.

MID AMERICA BANK & TRUST COMPANY and GENESIS BANKCARD SERVICES, INC.,

    Defendants.

NO.

**COMPLAINT**

**JURY TRIAL REQUESTED**

    Plaintiff, individually and on behalf of all others similarly situated, by and through her counsel, for her class action complaint against Defendants hereby states and alleges as follows:

COMPLAINT - 1

# I. INTRODUCTION

1. This action seeks redress for the illegal practices of Defendants Mid America Bank & Trust Company ("Mid America") and Genesis Bankcard Services, Inc. ("Genesis") for failing to provide adequate disclosure statements to customers prior to their accounts being opened and charged, as required by the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*. Plaintiff brings this case on her own behalf and on behalf of a Class of similarly situated individuals.

# II. JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1337, as well as under 15 U.S.C. § 1640(e), because this action arises under TILA, 15 U.S.C. § 1601 *et seq*.

3. Venue is proper in the Eastern District of Washington pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this judicial district.

# III. PARTIES

4. Plaintiff Janet Stone is a citizen of the State of Washington and resides in Spokane, Washington.

5. Plaintiff is a "consumer," as that term is defined by 15 U.S.C. § 1602(i), because Plaintiff is a natural person and this complaint arises from

COMPLAINT - 2

1  Defendants' offer and extension of credit for personal, family, or household
2  purposes.

3  6. Defendant Mid America Bank & Trust Company is a Missouri
4  corporation doing business in the State of Washington and throughout the United
5  States.

6  7. Defendant Genesis Bankcard Services, Inc. is an Oregon corporation
7  doing business in the State of Washington and throughout the United States.

8  8. Defendants are "creditors," as that term is defined by 15 U.S.C. §
9  1602(g), because they regularly extend consumer credit which is payable by
10 agreement in more than four installments or for which the payment of a finance
11 charge is or may be required and are the persons to whom that debt is initially
12 payable.

## IV. CLASS ACTION ALLEGATIONS

14 9. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P.
15 23(a), (b)(2) and (b)(3) and LR 23(i) on behalf of a Class consisting of:

> All persons in the United States who, on or after March 8, 2017, obtained a Genesis Credit Account issued by Mid America Bank & Trust Company at an Aspen Dental location.

19 10. The Class definition may be amended or modified as warranted by
20 discovery or other activities in the case hereafter.

21

COMPLAINT - 3

11.    Numerosity: Genesis Credit maintains a form Account Agreement for Aspen Dental accounts on its website. On information and belief, Defendants issue Genesis Credit accounts to Aspen Dental patients at several locations in multiple states. It is reasonable to infer from the form nature of the agreement that there are more than 40 members of the proposed Class. Therefore, the proposed Class is so numerous that joinder of all members is impracticable.

12.    Commonality and predominance: There are questions of law and fact common to the Class which will predominate over questions affecting only individual class members. These common questions include, but are not limited to, the following:

    a.    Whether the Genesis Credit accounts issued by Defendants to Class members are "credit cards" within the meaning of TILA;

    b.    Whether the Genesis Credit accounts issued by Defendants to Class members are "open-end credit plans" within the meaning of TILA;

    c.    Whether Defendants have engaged in a pattern or practice of failing to provide Aspen Dental locations with any disclosures to be given to consumers prior to Aspen Dental submitting a consumer's applications for a Genesis Credit account;

COMPLAINT - 4

        d.    Whether Defendants have engaged in a pattern or practice of failing to provide consumers who apply for Genesis Credit accounts through Aspen Dental with any disclosures prior to the account being opened and/or charged;

        e.    Whether Defendants have engaged in a pattern or practice of failing to comply with TILA's disclosure requirements in relation to Class members; and

        f.    Whether the terms of the Genesis Credit Account Agreement are enforceable.

These common issues will predominate over any individualized issues.

13.    Typicality: Plaintiff's claims are typical of, if not identical to, all members of the Class. Plaintiff, like Class members, was signed up for a Genesis Credit account issued by Mid America Bank & Trust Company at an Aspen Dental location.

14.    Adequacy: Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to the vigorous prosecution of this action and has an interest that is coextensive with, and not antagonistic to, the Class. Further, Plaintiff has retained competent counsel experienced in complex class action litigation and consumer litigation.

15.    Defendant has acted on grounds generally applicable to the entire Class, thereby making final injunctive relief or corresponding declaratory relief

COMPLAINT - 5

appropriate with respect to the Class as a whole. Prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant.

16. Class action treatment is superior to the alternative for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their small common claims in a single forum simultaneously, efficiently, and without duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Class is readily identifiable from Defendants' records.

17. Without a class action, Defendants will likely continue their course of illegal action which will cause further damage to Plaintiff and the Class.

### V. SUMMARY OF ALLEGATIONS

18. On March 9, 2017, Plaintiff Janet Stone visited the Spokane, Washington location of Aspen Dental, located at 9405 N Newport Hwy, Spokane, Washington 99218. Following her dental exam, Plaintiff was escorted to a back

1  room at the clinic, where she was presented with dental treatment options that cost
2  more than she could afford.

3  19.   Aspen Dental submitted an application on Plaintiff's behalf for the
4  extension of a line of credit to fund Plaintiff's dental work. As a result of this
5  application, Plaintiff became the holder of a Genesis Credit account issued by Mid
6  America. The account may be used only for the purchase of goods or services from
7  Aspen Dental locations.

8  20.   Plaintiff was not presented with the proper disclosures at the time she
9  applied for credit.

10  21.   Plaintiff was not presented with the proper disclosures prior to her
11  account being opened and charged $3,000 to cover a portion of her proposed dental
12  care.

13  22.   The only document Plaintiff received explaining the terms of the
14  Genesis Credit account was given to her after she had been approved for the credit
15  card. This document, entitled "Important Information for Approved
16  Accountholder," did not contain all of the disclosures required prior to her account
17  being opened and charged. Further, on information and belief, Plaintiff was not
18  given this document until after her account had already been opened and charged.

19  23.   Plaintiff received a document in the mail 7 to 10 days after her
20  account was opened and charged entitled "Genesis Credit Account Agreement."

21

COMPLAINT - 7

24. On information and belief, Defendants have engaged in a pattern and practice of failing to furnish Aspen Dental, and in turn failing to furnish Plaintiff and Class members, with adequate disclosures at the time of application and/or at the time of account opening.

## VI. FIRST CLAIM FOR RELIEF
### (Violation of the Truth in Lending Act, 15 U.S.C. § 1637)

25. Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

26. Congress's purpose in enacting TILA was to "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15. U.S.C. § 1601(a).

27. TILA requires the creditor to furnish an array of account-opening disclosures before a credit consumer initially uses his account to purchase goods or services. 15 U.S.C. § 1637(a); 12 C.F.R. § 1026.6(b). These disclosures include:

   a. Information regarding the APR used to compute the finance charge, including an explanation of any introductory or promotional rates, variable rates, and penalty rates;

   b. Any fees for the issuance of the account;

   c. Any fixed finance charges or minimum interest charges;

COMPLAINT - 8

        d.      Any transaction charges;

        e.      Any grace period before finance charges begin to accrue;

        f.      An explanation of the method of computing the balance due;

        g.      An explanation of various fees, if applicable;

        h.      A reference to the Bureau of Consumer Financial Protection's website; and

        i.      A billing rights notice regarding the consumer's right to dispute transactions.

28. The account-opening disclosures must be made "clearly and conspicuously" and, with limited exceptions, must be "in writing, in a form that the consumer may keep." 12 C.F.R. § 1026.5(a)(i).

29. Further, most of the required disclosures regarding interest rates and fees must be contained in a tabular format substantially similar to form G-17(A) of Appendix G to 12 C.F.R. Part 1026.

30. The only documents Plaintiff received in a form that she could keep at or before the time her account was charged were (1) an application for credit and (2) a document entitled "Important Information for Approved Accountholder." Neither of these documents contains any disclosures relating to the website for the Consumer Financial Protection Bureau or a billing rights notice. Further, neither

COMPLAINT - 9

document contains all of the requisite rate and fee information, nor is that information presented in the format required by form G-17(A).

31. As a result, Plaintiff was not provided adequate disclosures prior to her Genesis Credit account being charged $3,000.

32. On information and belief, Defendants routinely approve new Genesis Credit accounts for consumers to use at Aspen Dental, open such accounts, and permit charges to be made to those accounts without providing the required account-opening disclosures and without presenting those disclosures in a format that the consumer may keep.

33. TILA also requires a creditor to furnish disclosures before a credit consumer even *applies* for a credit card. 15 U.S.C. § 1637(c); 12 C.F.R. § 1026.60(a).

34. Plaintiff was not provided any TILA disclosures prior to the submission of her application for the Genesis Credit card.

35. On information and belief, Defendants routinely accept applications for Aspen Dental credit cards without providing the required disclosures.

36. Plaintiff and Class members have suffered informational injury as a result of Defendants' inadequate disclosures. Plaintiff and Class members were deprived of information that would have permitted them to make informed decisions regarding the use of credit. Further, the limited information Plaintiff and

COMPLAINT - 10

Class members did receive was not presented in the format required by law, and thus the format expected by consumers. As a result, Plaintiff and Class members were unable to easily ascertain the nature and pertinent terms of the accounts, compare options, and make an informed decision regarding the use of credit.

37. As a result of Defendants' violations of TILA, Plaintiff and the Class are entitled to recover up to $1,000,000 in statutory damages, together with costs and reasonable attorneys' fees. 15 U.S.C. § 1640(a)(2).

## VII. PRAYER FOR RELIEF

Wherefore, Plaintiff, on her own behalf and on behalf of the members of the Class, prays for judgment against the Defendants as follows:

A. Certify the proposed Class;

B. Appoint Plaintiff Janet Stone as Class representative;

C. Appoint the undersigned counsel as Class counsel;

D. Declare that Defendants' failure to furnish complete disclosures to Aspen Dental patients applying for credit violates the Truth in Lending Act;

E. Award Plaintiff and the Class maximum statutory damages pursuant to 15 U.S.C. § 1640(a)(2);

F. Award Plaintiff and the Class attorneys' fees and costs, as allowed by law; and

G. Grant such other and further relief as this Court deems necessary.

COMPLAINT - 11

1     RESPECTFULLY SUBMITTED AND DATED this 8th day of March,

2 2018.

3                        TERRELL MARSHALL LAW GROUP PLLC

4

                     By: __/s/ Toby J. Marshall, WSBA #32726__

5                         Toby J. Marshall, WSBA #32726

6                      By: __/s/ Elizabeth A. Adams, WSBA #49175__
                        Elizabeth A. Adams, WSBA #49175

7                         Attorneys for Plaintiff
                        936 North 34th Street, Suite 300

8                         Seattle, Washington 98103-8869
                        Telephone: (206) 816-6603

9                         Facsimile: (206) 319-5450
                        Email: tmarshall@terrellmarshall.com

10                        Email: eadams@terrellmarshall.com

11                   LAW OFFICE OF BOYD M. MAYO, PLLC

12                      By: /s/ Boyd Mack Mayo, WSBA #43752
                        Boyd Mack Mayo, WSBA #43752

13                         Attorneys for Plaintiff
                        220 West Main Avenue

14                         Spokane, Washington 99201
                        Telephone: (509) 381-5091

15                         Email: mack@bmayolaw.com

16

17

18

19

20

21

COMPLAINT - 12